Jeffrey D. Wexler (SBN 132256) (local counsel)
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 3600
Los Angeles, California 90017-5524
Telephone:  (213) 488-7100
Facsimile:  (213) 629-1033
jeffrey.wexler@pillsburylaw.com

Donald R. McPhail (*pro hac vice* application to be filed)
Eric W. Schweibenz (*pro hac vice* application to be filed)
John S. Kern (*pro hac vice* application to be filed)
Alexander B. Englehart (*pro hac vice* application to be filed)
OBLON, McCLELLAND, MAIER & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, Virginia 22314
Telephone:  (703) 413-3000
Facsimile:  (703) 413-2200
dmcphail@oblon.com
eschweibenz@oblon.com
jkern@oblon.com
aenglehart@oblon.com

Attorneys for Plaintiff CMI USA, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CMI USA, INC.,<br><br>            Plaintiff,<br><br>       v.<br><br>SHENZHEN APALTEK CO., LTD.; GUANDONG APALTEK LIQUID COOLING TECHNOLOGY CO., LTD.; SILVERSTONE TECHNOLOGY CO., LTD.; SILVERSTONE TECHNOLOGY, INC.; ENERMAX TECHNOLOGY CORP.; and ENERMAX USA,<br><br>            Defendants. | Case No. 5:24-cv-00353<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1

4876-0647-8245.v1

Plaintiff CMI USA, Inc. ("Plaintiff") brings this action against Defendants Shenzhen Apaltek Co., Ltd.; Guandong Apaltek Liquid Cooling Technology Co., Ltd.; Silverstone Technology Co., Ltd.; Silverstone Technology, Inc.; Enermax Technology Corp.; and Enermax USA (collectively, "Defendants") to address Defendants' infringement of certain CMI USA patents, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendants because they have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. The acts by Defendants cause injury to Plaintiff within this District. Upon information and belief, Defendants derive revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive revenue from interstate and international commerce.

3. Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b) as well as under the "alien venue rule." *See Brunette Machine Works, Ltd. v. Kockum Indus., Inc.,* 406 U.S. 706, 711-14 (1972); *In re HTC Corp.,* 889 F.3d 1349, 1357 (Fed. Cir. 2018). Defendants all either reside in this District or are foreign entities that can be sued in any district. In addition, SSTI and EUSA have regular and established places of business in this District at their respective headquarters.

## THE PARTIES

4. Plaintiff CMI USA, Inc. is a corporation organized under the laws of the State of California with a principal place of business at 1 N. Indian Hill Blvd., Suite 200, Claremont, CA 91711.

4876-0647-8245.v1

5.      On information and belief, Defendant Shenzhen Apaltek Co., Ltd. ("SAC") is a corporation organized under the laws of China with a principal place of business at 2907-2908, Building 2, OCT Creative Building, North Station Community, Minzhi Street, Longhua District, Shenzhen, Guangdong Province, People's Republic of China.  On information and belief, SAC does business itself, or through its subsidiaries, affiliates, and agents, in the State of California and this District.

6.      On information and belief, Defendant Guangdong Apaltek Liquid Cooling Technology Co., Ltd. ("GALCT") is a corporation organized under the laws of China with a principal place of business at Factory: No.12, West 2nd Lane, Shenzhenzai Road, Qingxi Town, Dongguan City, People's Republic of China.  On information and belief, GALCT does business itself, or through its subsidiaries, affiliates, and agents, in the State of California and this District.

7.      On information and belief, Defendant SilverStone Technology Co., Ltd. ("SSTC") is a corporation organized under the laws of Taiwan with a principal place of business at 12F, No. 168, Jiankang Road, Zhonghe District, New Taipei City, Taiwan 23585.  On information and belief, SSTC does business itself, or through its subsidiaries, affiliates, and agents, in the State of California and this District.

8.      On information and belief, Defendant SilverStone Technology, Inc. ("SSTI") is a corporation organized under the laws of the State of California with a principal place of business at 13626 Monte Vista Ave., Unit A, Chino, CA  91710.  On information and belief, SSTI does business in the State of California and this District.

9.      On information and belief, Defendant Enermax Technology Corp. ("ETC") is a corporation organized under the laws of Taiwan with a principal place of business at 2F-1, No 888, Jingguo Rd., Taoyuan Dist., Taoyuan City 330, Taiwan.  On information and belief, ETC does business itself, or through its subsidiaries, affiliates, and agents, in the State of California and this District.

4876-0647-8245.v1

10. On information and belief, Defendant Enermax USA ("EUSA") is a corporation organized under the laws of the State of California with a principal place of business at 14020 Central Ave., Suite 500, Chino, CA 91710. On information and belief, EUSA does business in the State of California and this District.

## PLAINTIFF'S PATENT RIGHTS

11. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent Nos. 10,509,446 (the '446 patent); 11,061,450 (the '450 patent); and D856,941 (the '941 patent) (collectively, the "Asserted Patents"). True and correct copies of the Asserted Patents are attached hereto as Exhibits 1, 3, and 5, respectively, and are incorporated herein by reference.

12. By written instruments executed, Plaintiff has been assigned all rights, title, and interest in the Asserted Patents, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Asserted Patents. As such, Plaintiff has sole and exclusive standing to assert the Asserted Patents and to bring these causes of action.

13. The Asserted Patents are valid and enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

## DEFENDANTS' INFRINGING PRODUCTS

14. Defendants' infringing products include at least the SilverStone ICEMYST 240, PF240, PF240W, ICEGEM360, VIDA 240 Slim, and RGB Controller, and the Enermax Aquafusion ADV, Liqmax III ARGB, Liqtech 360 TR4 II Slim, and RGB Controller. The charts attached hereto as Exhibits 2, 4, and 6, which demonstrate how certain exemplary products associated with Defendants practice the technology claimed in certain exemplary claims of the Asserted Patents, are incorporated herein by reference.

4876-0647-8245.v1

# FIRST CLAIM FOR RELIEF

## (Infringement of the '446 Patent)

15. Plaintiff refers to the allegations of paragraph 1 through 14 above and incorporates them by reference as though fully set forth therein.

16. **Direct Infringement**. Defendants have been and continue to directly infringe one or more claims of the '446 patent in at least this District by making, using, offering to sell, selling, and/or importing, without limitation, at least the products identified in the charts incorporated into this Claim for Relief (the "Exemplary '446 Defendant Products") that infringe at least the exemplary claims of the '446 patent also identified in the charts incorporated into this Claim for Relief (the "Exemplary '446 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '446 patent have been made, used, sold, imported, and offered for sale by Defendants and/or their customers.

17. **Actual Knowledge of Infringement**. At a minimum, the service of this Complaint, in conjunction with the attached claim charts and references cited, establishes actual knowledge of infringement as alleged herein.

18. Despite such actual knowledge, Defendants continue to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '446 patent. On information and belief, Defendants have also continued to sell the Exemplary '446 Defendant Products and distribute product literature and website materials inducing end users and others to use their products in the customary and intended manner that infringes the '446 Patent.

19. **Induced Infringement.** At least since being served with this Complaint and corresponding claim charts, Defendants have actively, knowingly, and intentionally continued to induce infringement of the '446 patent, literally or by the doctrine of equivalents, by selling Exemplary '446 Defendant Products to their

4876-0647-8245.v1

customers for use in end-user products in a manner that infringes one or more claims of the '446 patent.

20. Exhibit 2, incorporated herein by reference, includes charts comparing the Exemplary '446 Patent Claims to the Exemplary '446 Defendant Products. As set forth in these charts, the Exemplary '446 Defendant Products practice the technology claimed by the '446 patent. Accordingly, the Exemplary '446 Defendant Products incorporated in these charts satisfy all elements of the Exemplary '446 Patent Claims.

21. Plaintiff is entitled to recover damages in an amount according to proof and adequate to compensate for Defendants' infringement.

## SECOND CLAIM FOR RELIEF
**(Infringement of the '450 Patent)**

22. Plaintiff refers to the allegations of paragraph 1 through 14 above and incorporates them by reference as though fully set forth therein.

23. **Direct Infringement**. Defendants have been and continue to directly infringe one or more claims of the '450 patent in at least this District by making, using, offering to sell, selling, and/or importing, without limitation, at least the products identified in the charts incorporated into this Claim for Relief (the "Exemplary '450 Defendant Products") that infringe at least the exemplary claims of the '450 patent also identified in the charts incorporated into this Claim for Relief (the "Exemplary '450 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '450 patent have been made, used, sold, imported, and offered for sale by Defendants and/or their customers.

24. **Actual Knowledge of Infringement**. At a minimum, the service of this Complaint, in conjunction with the attached claim charts and references cited, establishes actual knowledge of infringement as alleged herein.

25. Despite such actual knowledge, Defendants continue to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe

the '450 patent. On information and belief, Defendants have also continued to sell the Exemplary '450 Defendant Products and distribute product literature and website materials inducing end users and others to use their products in the customary and intended manner that infringes the '450 Patent.

26. **Induced Infringement.** At least since being served with this Complaint and corresponding claim charts, Defendants have actively, knowingly, and intentionally continued to induce infringement of the '450 patent, literally or by the doctrine of equivalents, by selling Exemplary '450 Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '450 patent.

27. Exhibit 4, incorporated by reference herein, includes charts comparing the Exemplary '450 Patent Claims to the Exemplary '450 Defendant Products. As set forth in these charts, the Exemplary '450 Defendant Products practice the technology claimed by the '450 patent. Accordingly, the Exemplary '450 Defendant Products incorporated in these charts satisfy all elements of the Exemplary '450 Patent Claims.

28. Plaintiff is entitled to recover damages in an amount according to proof and adequate to compensate for Defendants' infringement.

## THIRD CLAIM FOR RELIEF

### (Infringement of the '941 Patent)

29. Plaintiff refers to the allegations of paragraph 1 through 14 above and incorporates them by reference as though fully set forth therein.

30. **Direct Infringement**. Defendants have been and continue to directly infringe the single claim of the '941 patent (Figures 1 and 5) in at least this District by making, using, offering to sell, selling, and/or importing, without limitation, at least the products identified in the charts incorporated into this Claim for Relief (the "Exemplary '941 Defendant Products") that infringe at least the single claim of the '941 patent literally or by the doctrine of equivalents. On information and belief,

4876-0647-8245.v1

numerous other devices that infringe the claim of the '941 patent have been made, used, sold, imported, and offered for sale by Defendants and/or their customers.

31.  **Actual Knowledge of Infringement**. At a minimum, the service of this Complaint, in conjunction with the attached claim charts and references cited, establishes actual knowledge of infringement as alleged herein.

32.  Despite such actual knowledge, Defendants continue to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '941 patent.  On information and belief, Defendants have also continued to sell the Exemplary '941 Defendant Products and distribute product literature and website materials inducing end users and others to use their products in the customary and intended manner that infringes the '941 Patent.

33.  **Induced Infringement.**  At least since being served with this Complaint and corresponding claim charts, Defendants have actively, knowingly, and intentionally continued to induce infringement of the '941 patent, literally or by the doctrine of equivalents, by selling Exemplary '941 Defendant Products to their customers for use in end-user products in a manner that infringes the single claim of the '941 patent.

34.  Exhibit 6, incorporated by reference herein, includes charts comparing the single claim of the '941 patent (Figures 1 and 5) to the Exemplary '941 Defendant Products.  As set forth in these charts, the Exemplary '941 Defendant Products include a LED controller with a design that an ordinary observer would find to be substantially the same as that depicted and claimed in the '941 patent.

35.  Plaintiff is entitled to recover damages in an amount according to proof and adequate to compensate for Defendants' infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CMI USA, Inc. respectfully requests judgment in its favor, and against Defendants, as follows:

4876-0647-8245.v1

1. A judgment that the Asserted Patents are valid and enforceable;

2. A judgment that Defendants have infringed directly or indirectly one or more claims of each of the Asserted Patents;

3. Awarding Plaintiff its damages suffered because of Defendants' infringement of the Asserted Patents;

4. Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest; and

5. Granting Plaintiff such further relief as the Court finds appropriate.

Dated: February 13, 2024

JEFFREY D. WEXLER
PILLSBURY WINTHROP SHAW PITTMAN LLP

DONALD R. MCPHAIL
ERIC W. SCHWEIBENZ
JOHN S. KERN
ALEXANDER B. ENGLEHART
OBLON, MCCLELLAND, MAIER
   & NEUSTADT, L.L.P.


  /s/ Jeffrey D. Wexler
Jeffrey D. Wexler

Attorneys for Plaintiff CMI USA, Inc.

4876-0647-8245.v1

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff CMI USA, Inc. hereby demands a trial by jury.

Dated: February 13, 2024

JEFFREY D. WEXLER
PILLSBURY WINTHROP SHAW PITTMAN LLP

DONALD R. MCPHAIL
ERIC W. SCHWEIBENZ
JOHN S. KERN
ALEXANDER B. ENGLEHART
OBLON, MCCLELLAND, MAIER
  & NEUSTADT, L.L.P.

  /s/ Jeffrey D. Wexler
Jeffrey D. Wexler

Attorneys for Plaintiff CMI USA, Inc.

4876-0647-8245.v1