UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CMI USA, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>SHENZHEN APALTEK CO., LTD.;<br>GUANDONG APALTEK LIQUID<br>COOLING TECHNOLOGY CO.,<br>LTD.; SILVERSTONE<br>TECHNOLOGY CO., LTD.;<br>SILVERSTONE TECHNOLOGY,<br>INC.; ENERMAX TECHNOLOGY<br>CORP.; and ENERMAX USA,<br><br>          Defendants. | Case No. 5:24-cv-00353 KK (SPx)<br><br>**PROTECTIVE ORDER**<br><br>Trial Date: None Set<br><br>[NOTE CHANGES MADE BY<br>COURT TO § D.1] |

1

4905-2625-2941.v1

Plaintiff CMI USA, Inc., on the one hand, and Defendants Shenzhen Apaltek Co., Ltd., Guangdong Apaltek Liquid Cooling Technology Co., Ltd., SilverStone Technology Co., Ltd., SilverStone Technology, Inc., Enermax Technology Corp., and Enermax USA, on the other hand (collectively, the "Parties"), through their respective counsel, hereby agree to this Protective Order (the "Protective Order") setting forth the following provisions governing the handling and designation of materials, including information and documents produced or provided in the above-captioned action.

## A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other

2

confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C.    TREATMENT OF MATERIALS FROM ITC INVESTIGATION

The Parties were parties to a proceeding before the International Trade Commission styled as *In the Matter of Certain Liquid Coolers for Electronic Components in Computers, Components Thereof, Devices for Controlling Same, and Products Containing Same*, Inv. No. 337-TA-1394 (the "ITC Investigation"). In the ITC Investigation, the Parties produced documents and information that were designated as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" pursuant to the protective order entered in the ITC Investigation and therefore were subject to attorneys'-eyes-only treatment under that protective order. The Parties agree that any documents and information that were designated as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" pursuant to the protective order entered in the ITC Investigation and therefore were subject to attorneys'-eyes-only treatment under that protective order should be treated as Attorneys' Eyes Only Information for purposes of this Protective Order.

3

### D.    TERMS OF PROTECTIVE ORDER

**1.    Applicability of Federal Rules, Local Rules, and Standing Order, and Scope of Order.** By entering this Protective Order, the Parties acknowledge that Federal Rules of Civil Procedure 26(c) and 37(a)(4) and Local Rule 79-5.2.2 impose certain obligations with regard to, *inter alia*, the designation of materials as confidential, the filing of such materials with the Court, and the use of such materials at trial and that the Parties shall be bound by and comply with such obligations.

Any use of Confidential Information or Attorneys' Eyes Only Information at trial shall be governed by the orders of the trial judge; this Order does not govern the use of Confidential Information or Attorneys' Eyes Only Information at trial.

**2.    Materials Covered.** This Protective Order shall be applicable to and govern treatment of any Party's documents produced in response to requests for production of documents, responses to interrogatories, and responses to requests for admissions, the depositions of the Parties or third parties, and documents produced by third parties (collectively, "Discovery Materials"), to the extent that such Discovery Materials are designated as Confidential Information or Attorneys' Eyes Only Information pursuant to the terms of this Protective Order. (As used herein, the term "document" or "documents" shall have the same meaning as "writings" or "recordings" or "photographs" as defined in Rule 1001 of the Federal Rules of Evidence and shall also include electronically stored information.)

**3.    Disclosure.** Nothing in this Protective Order shall prevent disclosure of materials designated by a Party or a third party as "Confidential" or "Attorneys' Eyes Only" if the producing Party or third party consents in writing to such disclosure, if the receiving party gained possession of such document through another source, or if a court orders such disclosure.

**4.    Inapplicability to Publicly Available Information.** This Protective Order shall not be construed to apply to any information that is available to the public, is already in the possession of the receiving party, or that the receiving party is legally

4

4905-2625-2941.v1

entitled to receive outside of the process of securing such information through discovery.

5.    **Confidential Information.** The term "Confidential Information" shall mean non-public information that a designating Party or third party (the "Designating Party") reasonably believes, in good faith, to comprise or reflect the following:

(a)    Commercially sensitive business information, financial information, and proprietary information of a Designating Party, which is not generally known and which the Designating Party would normally not reveal to third parties or would cause third parties to maintain in confidence; and

(b)    Personal information such as social security and taxpayer-identification numbers, driver's license numbers or state identification numbers, financial account numbers, dates of birth, home addresses, and personal telephone numbers and other personally identifying information.

6.    **Attorneys' Eyes Only Information.** The term "Attorneys' Eyes Only Information" shall mean information that the Designating Party reasonably believes, in good faith, to constitute or contain information or documents that contain highly sensitive confidential business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Designating Party that the Designating Party has maintained in confidence or is under an obligation to maintain in confidence.

7.    **Disclosure and Use of Confidential Information.** Except as provided in paragraph 3 above, Confidential Information shall not be made available to any person other than the following:

(a)    legal counsel (either outside counsel or in-house counsel) for the Parties and such counsel's staff, including outside copying services, eDiscovery vendors, trial services providers, and other similar third-party

5

4905-2625-2941.v1

service providers who are working on this litigation under the direction of such attorneys and to whom it is necessary that the information be disclosed for purposes of this action;

(b) any person who appears as the author, addressee, or recipient on the face of the document, exhibit, information, or thing (or, in the case of audio or video materials, any person who was present during the recorded event);

(c) a Party or any officer, director, member, manager, or employee of a Party who, in good faith, is deemed beneficial by counsel to aid in the prosecution, defense, or settlement of this action;

(d) persons who are expressly retained or sought to be retained by a Party as consultants or testifying experts, such as accountants, statisticians, economists, or industry or technical experts; provided that the disclosure of Confidential Information to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation, and that any such persons must first have signed an Agreement to be Bound by Protective Order in the form attached hereto as Exhibit A;

(e) the Court and Court personnel involved in this action, including court reporters and interpreters;

(f) a witness during a deposition, hearing, or other proceeding in this action, provided that the corresponding portions of the transcript, as well as any Confidential Information marked as exhibits, shall be designated on the record as being Confidential Information protected hereunder; and/or

(g) any other persons who are permitted to receive information designated as Confidential or Attorneys' Eyes Only by Court order or by written stipulation of the Parties.

4905-2625-2941.v1

**8.**      **Disclosure and Use of Attorneys' Eyes Only Information.** Except as provided in paragraph 3 above, Attorneys' Eyes Only Information shall not be made available to any person other than the following:

(a)      outside legal counsel for the Parties and such counsel's staff, including outside copying services, eDiscovery vendors, trial services providers, and other similar third-party service provides who are working on this litigation under the direction of such attorneys and to whom it is necessary that the information be disclosed for purposes of this action;

(b)      any person who appears as the author, addressee, or recipient on the face of the document, exhibit, information, or thing (or, in the case of audio or video materials, any person who was present during the recorded event);

(c)      persons who are expressly retained or sought to be retained by a Party as consultants or testifying experts, such as accountants, statisticians, economists, or industry or technical experts; provided that the disclosure of Attorneys' Eyes Only Information to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation, and that any such persons must first have signed an Agreement to be Bound by Protective Order in the form attached hereto as Exhibit A;

(d)      the Court and Court personnel involved in this action, including court reporters and interpreters;

(e)      a witness during a deposition, hearing, or other proceeding in this action, provided that the corresponding portions of the transcript, as well as any Attorneys' Eyes Only Information marked as exhibits, shall be designated on the record as being Attorneys' Eyes Only Information protected hereunder; and/or

4905-2625-2941.v1

(f)     any other persons who are permitted to receive information designated as Confidential or Attorneys' Eyes Only by Court order or by written stipulation of the Parties.

Attorneys' Eyes Only Information may not be shared in written or electronic form with the Parties to this action. However, counsel for the Parties may discuss with their respective clients the nature of Attorneys' Eyes Only Information without disclosing the specific content of such Attorneys' Eyes Only Information, but only in connection with pursuing their claims or defenses in this action.

9.     **Protection of Information.** Any Party or person receiving Confidential Information or Attorneys' Eyes Only Information shall use its, his, or her best efforts to safeguard, preserve, and maintain the confidentiality of such information and shall not disclose or use information except as set forth in paragraphs 7 or 8 above.

10.     **Depositions.** In the case of depositions, designation of those transcripts which contain Confidential or Attorneys' Eyes Only Information may be made by a Designating Party through a statement to such effect on the record during the course of the deposition by any counsel seeking the confidential protection. Counsel may identify and designate in good faith those portions of the transcript that contain Confidential Information or Attorneys' Eyes Only Information, and those portions of the transcript so identified shall be separately marked by the court reporter respective to their designation. If no such designation is made by a statement to such effect on the record during the course of the deposition, within twenty (20) days after receipt of the transcript from the court reporter, counsel may designate portions of the transcript as containing Confidential Information or Attorneys' Eyes Only Information by serving written notice of such designation upon all other Parties. Such notice shall specify the particular portions of the transcript that counsel wishes to designate as containing Confidential Information or Attorneys' Eyes Only Information by listing on a separate sheet of paper the numbers of the pages and lines of the transcript containing Confidential Information or Attorneys' Eyes Only Information so that the

4905-2625-2941.v1

sheet may be affixed to the face of the transcript and each copy thereof. The deposition transcript shall be treated in its entirety as Attorneys' Eyes Only, respectively, during this twenty (20) day period. If no Confidential or Attorneys' Eyes Only designation is made by a statement to such effect on the record during the deposition or within twenty (20) days after receipt of the transcript from the court reporter, the transcript shall be considered not to contain any Confidential Information or Attorneys' Eyes Only Information.

11. **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate Confidential Information or Attorneys' Eyes Only Information does not, standing alone, waive the designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

12. **Challenge to Designations.** A Party shall not be obligated to challenge the propriety of designations of information as Confidential Information or Attorneys' Eyes Only Information at the time the designation is made, and failure to do so shall not preclude subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with such Confidential or Attorneys' Eyes Only designation, the Parties shall follow the meet-and-confer and joint stipulation provisions set forth in Local Rules 37-1 and 37-2. Until the Court has ruled on the challenged designation, the information designated as Confidential Information or Attorneys' Eyes Only Information shall retain such designation. The burden of proving that information has been properly designated as Confidential Information or Attorneys' Eyes Only Information shall be on the Designating Party.

13. **Inadvertent Production of Privileged Material**. When the inadvertent disclosure of any information, document or thing subject to attorney-client privilege, another privilege, or work-product immunity, is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of

9

4905-2625-2941.v1

such material shall be in accordance with Fed. R. Civ. P. 26(b)(5)(B). When the receiving party discovers what appears to be the inadvertent disclosure by the producing party of any information, document, or thing subject to attorney-client, another privilege, or work-product immunity, the receiving party shall bring such disclosure to the attention of the producing party. Any inadvertent disclosure of any information, document, or thing subject to attorney-client, another privilege, or work-product immunity shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. Nothing herein, however, herein restricts the right of the receiving party to challenge the producing party's claim of privilege with the Court.

**14.     Third-Party Requests.** In the event any receiving party having possession, custody or control of any Confidential Information or Attorneys' Eyes Only Information receives a subpoena, request for production of documents, or other process or order (the "Request") to produce such material in another, unrelated legal proceeding, the receiving party shall (a) give notice of the Request to counsel for the disclosing party or third party that designated the material as Confidential Information or Attorneys' Eyes Only Information, (b) provide a copy of the Request to counsel for the disclosing party or third party, and (c) cooperate in all reasonable efforts of the disclosing party or third party to oppose production of the material sought by the Request. The disclosing party or third party making the designation as Confidential Information or Attorneys' Eyes Only Information shall have the burden of defending against the Request. The party receiving the Request shall be entitled to comply with it except to the extent the disclosing party or third party making the Confidential Information or Attorneys' Eyes Only Information designation obtains an order modifying or quashing the Request.

**15.     Privilege Logs.** The parties agree that they do not need to place on a privilege log any document covered by the attorney-client privilege, and/or the attorney work product doctrine, so long as the document (a) was prepared by outside

10

4905-2625-2941.v1

counsel or in-house counsel for a Party and was not disclosed to any third party, (b) constitutes a communication between a Party and its outside counsel or its in-house counsel and was not disclosed to any third party, or (c) constitutes a communication between a Party's outside or in-house counsel and an expert or consultant retained for this litigation.

16. **Return or Destruction of Confidential Information and Attorneys' Eyes Only Information Upon Final Disposition of Lawsuit.** All Confidential Information or Attorneys' Eyes Only Information, including all copies of such materials, shall be destroyed or returned to the producing Party within the later of: (a) thirty (30) days of final disposition of this litigation (*i.e.*, upon settlement, the conclusion of the appeals process, or the expiration of the time to appeal or the conclusion of any appeal); or (b) ninety (90) days after the full satisfaction of any judgment entered in this litigation. If such materials are destroyed, counsel for the non-producing Party shall confirm in writing to counsel for the producing Party that they have been destroyed. Notwithstanding this paragraph, counsel for the Parties are entitled to retain one (1) archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, as well as electronic copies, even if such materials contain Confidential Information or Attorneys' Eyes Only Information. Any such archival materials remain subject to this Protective Order.

17. **No Waiver**. The failure to enforce any term or condition of this Protective Order is not intended to be and shall not act as a waiver of any future breach or of any right or remedy under this Protective Order or applicable law. Any waiver in any particular instance of the rights and limitations contained herein will not be deemed, and is not intended to be, a general waiver of any rights or limitations contained herein, and shall not operate as a waiver beyond the particular instance.

18. **Court Approval**. The Parties and their counsel agree to the entry of an order approving and adopting this Protective Order and that the Court shall have the authority to impose appropriate remedies if any Party violates this Protective Order.

4905-2625-2941.v1

**19.   Right to Further Relief.** Nothing in this Protective Order limits the right of any person to seek its modification by the Court in the future.

**20.   Right to Assert Other Objections.** By agreeing to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**21.   Term and Counterparts**. This Protective Order shall survive in full force and effect and shall continue to be binding after the conclusion of this action unless modified by Court Order or the written stipulation of the Parties filed with the Court.

Dated:  April 8, 2026

_____
HONORABLE SHERI PYM
United States Magistrate Judge

12

4905-2625-2941.v1

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CMI USA, INC., | Case No. 5:24-cv-00353 KK (SPx) |
| Plaintiff, | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| v. | Trial Date: None Set |
| SHENZHEN APALTEK CO., LTD.; GUANDONG APALTEK LIQUID COOLING TECHNOLOGY CO., LTD.; SILVERSTONE TECHNOLOGY CO., LTD.; SILVERSTONE TECHNOLOGY, INC.; ENERMAX TECHNOLOGY CORP.; and ENERMAX USA, | |
| Defendants. | |

Exhibit A

13

4905-2625-2941.v1

I, _____, declare and say that:

1.    I am employed as _____ by _____.

2.    I have read the Protective Order entered in *CMI USA, Inc. v. Shenzhen Apaltek Co., Ltd.*, Case No. 5:24-cv-00353 KK (SPx) (C.D. Cal.), and I have received a copy of the Protective Order (the "Protective Order").

3.    I promise that I will use any and all "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information with anyone other than as permitted in the Protective Order.

5.    I acknowledge that, by signing this agreement, 1 am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6.    I understand that any disclosure or use of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        Signature: _____

Print Name: _____

Exhibit A

14

4905-2625-2941.v1